# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**MICHAEL BUTLER**

**ORDER OF DETENTION PENDING REVOCATION HEARING**

Case Number: **1:07-cr-70**

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending revocation hearing in this case.

### Part I – Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C.§3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ under 18 U.S.C.§924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☒ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant has been on supervised release since September 21, 2007. He was arrested on March 3, 2008, following a domestic dispute with his estranged wife in Lansing. He was apparently bonded out on March 6th and was arraigned on that charge in the 54-A District Court on March 18, 2008. Trial was set for April 7, 2008, but defendant failed to appear. He was arrested on April 23, 2008, ultimately pled guilty, and apparently remained in custody until June 23, 2008. Defendant failed to report during the (continued on attachment)

### Part II – Written Statement of Reasons for Detention

Defendant has failed to show by clear and convincing evidence that there are conditions that will assure his presence for the revocation hearing. During the domestic problems with his wife over the last several months, defendant has failed to appear for a trial, drug testing, and has not reported as required to the probation office. He clearly has anger management and/or emotional and domestic problems that are overwhelming his sense of judgment to the point that he is unable to meet his other obligations. Facing the possibility of further incarceration, and with a divorce just around the corner, (continued on attachment)

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: July 24, 2008

/s/ Hugh W. Brenneman, Jr.

*Signature of Judicial Officer*

Hugh W. Brenneman, Jr., United States Magistrate Judge

*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. Michael Butler
1:07-CR-70
**ORDER OF DETENTION PENDING REVOCATION HEARING**
Page 2.

**Alternate Findings (B) - (continued)**

    first five days of March, although he was in custody two of those days and did report on March 6th when he was released. However, he failed to report during the first five days of March when he was not in custody, and failed to take a random drug test on March 19, again while he was not in custody. Defendant has the support of his parents who live in Indiana and came up for the detention hearing. He apparently could live with his aunt and uncle in Lansing, who appear to live near defendant's residence, but according to the petition his aunt was unable to control him during defendant's dispute with his wife.

**Part II - Written Statement of Reasons for Detention - (continued)**

    I do not find evidence to suggest defendant is a reliable candidate to be placed at liberty, whether back in Lansing or elsewhere, pending the revocation hearing.